E-filed: October 9, 2014

Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       bgriffith@swlaw.com
       cgianelloni@swlaw.com

*Attorneys for The Chippewa Cree Tribe of the Rocky Boy's Reservation, Montana; Plain Green, LLC; and First American Capital Resources, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ENCORE ACCEPTANCE I, LLC,<br><br>Debtor. | Case No. 14-13698-abl<br>Chapter 11<br><br>(Jointly Administered under 14-13698-abl) |
| In re<br><br>ENCORE SERVICE CORPORATION, LLC,<br><br>Debtor. | Case No. 14-13699-abl<br>Chapter 11<br><br>(This filing pertains to Case No. 14-13698-abl)<br><br>**PRELIMINARY OBJECTION OF THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, MONTANA, PLAIN GREEN, LLC, AND FIRST AMERICAN CAPITAL RESOURCES, LLC TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING THE DEBTOR'S DISCLOSURE STATEMENT DATED SEPTEMBER 30, 2014 AND RELATED PROCEDURES**<br><br>Hearing Date: November 26, 2014<br><br>Hearing Time: 1:30 p.m. |

The Chippewa Cree Tribe of the Rocky Boy's Reservation, Montana ("Chippewa Cree"), Plain Green, LLC ("Plain Green") and First American Capital Resources, LLC ("FACR" and

20230779

together with Chippewa Cree and Plain Green, the "Objectors"), objects on a preliminary basis (the "Preliminary Objection") to the *Debtor's Motion for Entry of an Order Approving the Debtor's Disclosure Statement Dated September 30, 2014 and Related Procedures* (the "Disclosure Statement Motion") [Docket No. 61], filed in the bankruptcy case of Encore Acceptance I, LLC ("Encore Acceptance" or the "Debtor"), and in support states as follows:

1. On September 30, 2014, Encore Acceptance filed the Disclosure Statement Motion, by which it seeks approval of *Debtor Encore Acceptance I, LLC's Disclosure Statement Dated September 30, 2014* (the "Disclosure Statement") [Docket No. 57], and proposed procedures in connection with voting and a confirmation hearing on *Debtor's Plan of Reorganization* (the "Plan" and together with the Disclosure Statement Motion and the Disclosure Statement, the "Plan Documents") [Docket No. 58].

2. The Objectors each hold substantial claims against Encore Acceptance. On September 19, 2014, each of the Objectors filed a proof of claim in this case asserting those claims.

3. The Objectors intend to file a more substantive objection (the "Substantive Objection") to the Plan Documents by the November 12, 2014 objection deadline (the "Objection Deadline"). In connection therewith, and substantially contemporaneously with the filing of this Preliminary Objection, the Objectors will be serving written discovery requests on the Debtor (the "Debtor Written Discovery Requests") pursuant to Federal Rule of Bankruptcy Procedure 7026 related to, among other things, Encore Acceptance's purported assets, its scheduled claims, its pre-petition and post-petition activities, transfers and collections, its affiliated entities and its principals and/or owners, the conduct of its business affairs and its business decisions, its Plan, and the nature, extent and accuracy of the disclosures made in the Disclosure Statement. After serving the Debtor Written Discovery Requests, the Objectors may seek and take further discovery from the Debtor (including deposition testimony) and certain insiders of the Debtor, as well as third parties. Objectors maintain that the evidence obtained in discovery will support their objection to the Disclosure Statement Motion in that, among other things: (i) such Disclosure

20230779

Statement is inadequate as a matter law; (ii) the Debtor's Plan cannot and should not, for a variety of reasons, be confirmed (and the Debtor's bankruptcy case should therefore be converted to a case under chapter 7 of the Bankruptcy Code); and (iii) the Debtor's bankruptcy case was not filed in good faith (and, therefore, should likewise be converted to Chapter 7).

4. The Objectors anticipate that evidence obtained in discovery in this matter will further support their Substantive Objection to the Disclosure Statement Motion. The Objectors intend to file the Substantive Objection on or before the Objection Deadline, and while discovery in this matter will most likely still be in progress. The Objectors therefore reserve all rights and arguments with respect to the Disclosure Statement Motion and other Plan Documents, including their right to present evidence (and any legal arguments arising from such evidence) obtained in discovery after the Objection Deadline but prior to the hearing on the Disclosure Statement Motion.

DATED this 9th day of October, 2014.

SNELL & WILMER L.L.P.

By: /s/ Robert R. Kinas
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for The Chippewa Cree Tribe of the Rocky Boy's Reservation, Montana; Plain Green, LLC; and First American Capital Resources, LLC*